```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

--------------------------------x
MICHAEL KROPOSKI,               :
                                :
          Plaintiff,            :
v.                              :  Civil No. 3:08CV01519(AWT)
                                :
FEDERAL AVIATION ADMINISTRATION :
and JOHN DOES 1-5,              :
                                :
          Defendants.           :
--------------------------------x
```

### RULING ON DEFENDANTS' MOTION TO DISMISS

The pro se plaintiff, Michael Kroposki ("Kroposki"), brings this action against the Federal Aviation Administration (the "FAA") and John Does 1-5 ("John Does"[1]), alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by the FAA, the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701 et seq., by the defendants, and his First Amendment right to petition by one of the defendants.[2] The defendants have moved to dismiss the First Amendment Bivens claim, the APA claim, and certain portions of the FOIA claims pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Federal Rule of

---

[1] The John Does are FAA employees Kroposki claims "participated in or otherwise conspired to deprive" him of his rights. (Compl. ¶ 4).

[2] Although the complaint refers to the "Defendant's" conduct, it does not allege which defendant violated this right.

Civil Procedure 12(b)(1).  For the reasons set forth below, the defendants' motion to dismiss is being granted in part and denied in part.

## I. FACTUAL BACKGROUND

Kroposki has been involved in several civic organizations and political meetings, including the Town of Ridgefield Board of Selectmen meetings.  He has attended the Board of Selectmen meetings to discuss and express concern over the FAA's "NY/NJ/Phil Airspace Redesign Project."  (Compl. (Doc. No. 1) ¶ 2.)  In December of 2005, the FAA published a draft environmental impact statement ("DEIS") concerning the rearrangement of airspace in the New York metropolitan area.  The FAA sought public comments on the DEIS.

In April of 2007, Kroposki filed a request under the FOIA for records relating to the project.  After Kroposki made several telephone calls "asking for an expeditious response in order to comment on the DEIS," the FAA mailed the requested records on July 3, 2007, which was three days after the DEIS comment period closed.  (Id. ¶ 7).

Kroposki also made numerous other requests under FOIA, as set forth in paragraphs 8 through 18 of the complaint.  He made a total of eight requests between April of 2007 and November of

2007.  The FAA responded to each of these letters.  It has not yet responded to a request made in June 2008.

The FAA published the Final Environmental Impact Statement ("FEIS") on September 5, 2007.  On the same day, the Record of Decision ("ROD") was published; it was republished in corrected form on October 5, 2007.  Its publication on September 5, 2007 "foreclosed any further possibility of [Kroposki] commenting on the FEIS."  (Compl. ¶ 10.)  In October of 2007, the Town of Ridgefield joined a group of other towns in Connecticut in filing a court appeal regarding the ROD.

## II.  LEGAL STANDARD

The standards for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are "substantively identical." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003) (citing Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999)).  When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Stores Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 236). In its review of a motion to

dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

A court may properly dismiss a claim for lack of subject matter jurisdiction when it lacks the constitutional or statutory power to adjudicate the claim. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

When considering the sufficiency of the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996).  The court should interpret

the plaintiff's complaint to raise the strongest arguments that it suggests.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III. DISCUSSION

### A. First Amendment Bivens Claim

Kroposki does not specify which defendants allegedly violated his First Amendment right to petition.  Courts considering the question of whether a plaintiff can maintain a Bivens remedy against a federal official in his or her individual capacity in cases involving FOIA have declined to create such a remedy because the comprehensive scheme that FOIA provides to administer public rights "precludes the creation of a Bivens remedy."  Johnson v. Executive Office for U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002); see also Thomas v. Fed. Aviation Admin., No. 05-2391(CKK), 2007 WL 219988, at *3 (D.D.C. Jan. 25, 2007).  As to the FAA in the context of suits against the government,[3] courts have found that a Bivens action will not lie because "the Constitution[,] which provides the substantive basis

---

[3] Although Kroposki sues the FAA, "a suit is considered to be against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration.'"  Clark v. United States, 691 F.2d 837, 839 (7th Cir. 1982 (quoting Land v. Dollar, 330 U.S. 731, 738 (1947)); Hayes v. Fed. Bureau of Investigation, 562 F. Supp. 319, 322 (S.D.N.Y. 1983).  Accordingly, this suit is a suit against the sovereign.

of the claim[,] . . . . does not waive the Government's sovereign immunity in a suit for damages." Hayes v. Fed. Bureau of Investigation, 562 F. Supp. 319, 322 (S.D.N.Y. 1983).  Therefore, the Bivens claim is dismissed for lack of subject matter jurisdiction.

    **B.   APA Claim**

Kroposki alleges that the "[d]efendants acted in an arbitrary and capricious manner in responding to [his] requests" and that they "engaged in a course of conduct designed to suppress and limit comments" (Compl. ¶ 23), but he has a remedy under FOIA.  FOIA provides that a district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B) (2000). Thus, Kroposki can seek a court order to compel production of documents he has not received.[4]  "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action.  As Attorney General

---

[4] If Kroposki is contending that the defendants' "arbitrary and capricious" actions resulted in him receiving the documents in an untimely manner, he has no right to relief in the form of "reopen[ing] the closed comment period on the Project FEIS." (Compl. ¶¶ 23, 25(1).)  See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 64 (D.C. Cir. 1990) (noting that the deadline provisions in effect under FOIA were "to allow a FOIA requester, who has not yet received a response from the agency, to seek a court order compelling the release of the requested documents").

Clark put it the following year, § 704 'does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures.'" Bowen v. Massacusetts, 487 U.S. 879, 903 (1988) (quoting the Attorney General's Manual on the Administrative Procedure Act 101 (1947)); Edmonds Ins. v. U.S. Dep't of Interior, 383 F. Supp. 2d 105, 111 (D.D.C. 2005) (finding that "review under the APA is unavailable when another statute provides an adequate remedy").  Therefore, Kroposki's APA claim is being dismissed for lack of subject matter jurisdiction.

    **C.   FOIA Claims**

The defendants move to dismiss the plaintiff's FOIA claims to the extent they are based on the FOIA requests set forth in paragraphs 7, 8, 9, 12, and 15 of the complaint.  The motion is being granted with respect to the FOIA requests set forth in paragraphs 7, 8, 9, and 12 of the complaint.

As an initial matter, the court notes that the "only proper defendant in a FOIA case is a federal agency.  Individual federal employees are not subject to suit under FOIA."  Thomas, 2007 WL 219988, at *3 (internal citations omitted).  Accordingly, the court is dismissing the John Does as defendants in the FOIA claims.

> [The] statutory scheme [set forth in FOIA] authorizes federal courts to ensure private access to requested materials when three requirements have been met. Under 5 U.S.C. § 552(a)(4)(B)[,] federal jurisdiction is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.

Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980).

Also, even if an agency withholds documents, a plaintiff must first exhaust his administrative remedies before he seeks judicial review. See, e.g., Robert v. Dep't of Justice, No. 05-1773-CV, 2006 WL 960913, at *1 (2d Cir. Apr. 11, 2006); see also Ruotolo v. Dep't of Justice, Tax Div., 53 F.3d 4, 8 (2d Cir. 1995) ("[A]dministrative remedies are 'deemed exhausted' if the agency fails to comply with the 'applicable time limit' provisions of the FOIA."[5] ) (citations omitted).  "The doctrine [of exhaustion of administrative remedies] provides 'that no one is entitled to judicial relief for a supposed or threatened

---

[5]Under FOIA, an agency must:

> determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

5 U.S.C. § 552(a)(6)(A)(i) (2000).

injury until the prescribed administrative remedy has been exhausted.'"  McKart v. United States, 395 U.S. 185, 193 (1969) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)).

The defendants' motion is being granted with respect to the FOIA requests in paragraphs 7 (FAA 2007-4500), 8 (FAA 2007-5953), and 9 (FAA 2227-7152) because in none of those paragraphs does the plaintiff allege that documents were withheld and that he appealed the decision.  The motion is being granted with respect to the FOIA request in paragraph 12 (FAA 2007-7793) because although the plaintiff alleges that documents were withheld, he does not allege that he appealed that decision.  Thus, as to these requests, the plaintiff has not alleged facts that would show that he has exhausted administrative remedies.

In paragraph 15 of the complaint, the plaintiff alleges that he received a responsive document as a result of his request, but he also alleges that the FAA claimed $90.00 in searching fees and that he "concurred under protest that searching fees for the FEIS documentation are not allowed under 40 CFR 1506.6(f)."  (Compl. ¶ 15.)  An agency "may charge reasonable fees for document search and duplication costs."  S.A. Ludsin & Co. v. U.S. Small Bus. Admin., No. 97-7884, 1998 WL 642416, at *1 (2d Cir. Mar. 26, 1998) (unpublished opinion) (citing 5 U.S.C. § 552(a)(4)(A)).

However, "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," the charge should be waived or reduced.  5 U.S.C. § 552(a)(4)(A)(iii) (2000).  Thus, drawing all reasonable inferences in favor of the pro se plaintiff, he has sufficiently alleged that he exhausted his administrative remedies with respect to his objection to being charged searching fees in connection with the FOIA request in paragraph 15 (FAA 2008-0513).  Therefore, the motion to dismiss is being denied with respect to this FOIA request.

  **D. NEPA**

In his opposition, Kroposki argues that the complaint includes a claim under the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4321 et seq.  While the plaintiff describes his case as "an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records . . . in accordance with [NEPA regulation] 40 CFR [§] 1506.6(f)" (Compl. ¶ 1), he specifies in clear and unambiguous language "Causes of Action" pursuant to only three laws--FOIA, the APA, and the First Amendment.  (See Compl. at 3-4.)  The complaint does not give notice that the plaintiff seeks to bring a claim

-11-

pursuant to NEPA.  In any event, there is no private right of action under NEPA.  See West v. U.S. Sec'y of Transp., No. C06-5516 RBL, 2007 WL 1747178, at *2-3 (W.D. Wash. June 15, 2007).

**IV.   CONCLUSION**

For the reasons set forth above, the Motion to Dismiss (Doc. No. 9) is hereby GRANTED in part and DENIED in part.  The plaintiff's First Amendment Bivens claim, his Administrative Procedure Act claim, and his Freedom of Information Act claims based on the FOIA requests in paragraphs 7, 8, 9, and 12 of the complaint are dismissed.  As all claims in which John Does 1-5 could be a defendant have been dismissed, they are terminated as defendants.

It is so ordered.

Dated this 26th day of August 2009 at Hartford, Connecticut.

                                        /s/AWT
                                   Alvin W. Thompson
                                United States District Judge